UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEXANDER ANTHONY SOTO,

                        Petitioner,                   NOT FOR PUBLICATION

               v.                              **MEMORANDUM & ORDER**
                                                    16-CV-820 (MKB)
SOUTH BEACH PSYCHIATRIC CENTER,

                        Respondent.

---

MARGO K. BRODIE, United States District Judge:

      Petitioner Alexander Anthony Soto, proceeding *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 12, 2016, seeking release from his involuntary commitment at South Beach Psychiatric Center ("South Beach") in Staten Island, New York. (Pet., Docket Entry No. 1.) Petitioner filed an amended petition on March 30, 2016. (Am. Pet., Docket Entry No. 10-1.) Petitioner also filed a motion for summary judgment seeking a "writ of habeas corpus." (Pet'r Mot. for Summ. J., Docket Entry Nos. 7, 8.) Because Petitioner is proceeding *pro se*, the Court construed Petitioner's motion for summary judgment and the amended petition together as seeking the same habeas corpus relief. (Order to Show Cause ("OSC") 1–2, Docket Entry No. 14.) By order dated May 5, 2016, the Court ordered Respondent to show cause as to why the Court should not grant the amended petition. (OSC 4–5.) Respondent moves to dismiss the amended petition for lack of jurisdiction. (Resp't Mot. to Dismiss ("Resp't Mot."), Docket Entry No. 21; Resp't Mem. of Law in Supp. of Resp't Mot. ("Resp't Mem."), Docket Entry No. 21-2.) For the reasons discussed below, the Court dismisses the petition for lack of jurisdiction and grants Petitioner leave to file a second amended petition

and request that the Court convert the second amended petition to an action for damages under 42 U.S.C. § 1983.[1]

## I. Background

In November of 2015, Petitioner was arrested in Queens, New York, after an officer observed him walking with a duffle bag with a saw protruding from it. (Sealed Record ("SR") 9, Docket Entry No. 22.) Petitioner was charged with possession of a burglar's tool in violation of New York Penal Law section 140.35. (*Id.*) The New York Supreme Court, Queens County, found Petitioner mentally incompetent to stand trial pursuant to New York Criminal Procedure Law section 730, and the charges against Petitioner were dismissed. (*Id.*; Decl. of Priscilla Stewart ("Stewart Decl.") ¶ 1, Docket Entry No. 21-1; Pet'r Affirmation for Summ. J. ("Pet'r Affirmation") ¶¶ 3, 5, 8, Docket Entry No. 7.) Under section 730, the Queens County Court involuntarily committed Petitioner to South Beach. (Stewart Decl. ¶ 1; Am. Pet. 6–7, ¶¶ 23–24.)[2]

In February of 2016, South Beach filed an application with the New York Supreme Court, Richmond County to extend Petitioner's involuntary commitment to September of 2016, which application the Richmond County Court granted. (Record ("R.") 20, Docket Entry No. 21-3.) Petitioner, proceeding *pro se*, appealed the Richmond County Court's order to the New York Supreme Court, Appellate Division, Second Department (the "Appellate Division"). (SR 26–31.) The Appellate Division appointed counsel to assist Petitioner in his appeal. (SR 32–33.) On August 9, 2016, while Petitioner's appeal was pending, Petitioner was

---

[1] The Court grants Petitioner's request to proceed *in forma pauperis* for the purpose of this Memorandum and Order.

[2] Because Petitioner's amended petition does not contain consecutively numbered paragraphs, the Court references both the page and paragraph numbers when citing to the amended petition.

2

discharged from South Beach. (SR 34–37.) On October 25, 2016, the Appellate Division directed Petitioner and South Beach to show cause as to why the Appellate Division should not dismiss Petitioner's appeal on mootness grounds because Petitioner's involuntary commitment ended. *In the Matter of Alexander S.*, No. 2016-06498, (N.Y. App. Div. Jan. 3, 2017), http://www.courts.state.ny.us/courts/ad2//Handdowns/2017/Motions/M223775.pdf. On January 3, 2017, the Appellate Division dismissed Petitioner's appeal. *Id.*

Petitioner alleges that South Beach violated his Fourteenth Amendment right to due process by denying him access to an attorney of his choice after he was involuntarily committed, (Am. Pet. 8, ¶ 30), prohibiting him from appealing the commitment order, (Pet'r Affirmation ¶ 6), and forcibly medicating and confining him without proper process, (*id.* ¶¶ 13–14).

## II. Discussion

### a. Standard of review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Buthy v. Comm'r of Office of Mental Health of N.Y. State*, 818 F.2d 1046, 1051–52 (2d Cir. 1987) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution." (collecting cases)); *Best v. Barbarotta*, No. 12-CV-6218, 2016 WL 1588501, at *2 (E.D.N.Y. Apr. 19, 2016) ("A federal petition for a writ of habeas corpus, following the exhaustion of all available state remedies, is the proper vehicle by which an individual can challenge his or her involuntary commitment or retention in a mental institution." (internal quotation marks omitted) (quoting *Nyenekor v. New York*, No. 09-CV-8719, 2014 WL 785690, at *8 (S.D.N.Y. Feb. 25, 2014))). When a petitioner

attacking his or her confinement is proceeding *pro se*, the Court must "read [the petitioner's] submissions broadly so as to determine whether they raise any colorable legal claims." *United States v. Parisi*, 529 F.3d 134, 139 (2d Cir. 2008) (citing *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145–46 (2d Cir. 2002)).

b. **Mootness**

Respondent argues that the Court should dismiss the petition for lack of jurisdiction because Petitioner has been released from South Beach, which moots the petition. (Resp't Mem. 3–5.) Petitioner has not responded to the motion.

Federal courts are limited in jurisdiction to cases that present a live case or controversy. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be in custody pursuant to the judgment of a State court." *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) (first quoting 28 U.S.C. § 2254(a); and then citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)). After a petitioner has been released from state custody, the habeas petition is moot and a federal court lacks jurisdiction over the petition challenging the conviction or confinement unless the petitioner alleges that he or she suffers from concrete and continuing injuries beyond the now-completed confinement. *Spencer*, 523 U.S. at 7; *see also Nowakowski*, 835 F.3d at 217–18 (citing *Spencer*, 523 U.S. at 7).

Because Petitioner has been released from South Beach and the Court is unable to determine whether Petitioner suffers any continuing, collateral consequences as a result of the previous commitment, the petition is moot and the Court lacks jurisdiction over the petition. *See Best*, 2016 WL 1588501, at *3 (finding that a petition was moot where the petitioner had been released from his involuntary commitment and failed to identify "any collateral consequences that continue beyond his release from involuntary commitment"); *Nyenkor*, 2014 WL 785690, at

4

*9 (finding that a petition was moot because the petitioner "has been released from the custody of the [New York Office of Mental Health]" and therefore the court "[could] not [] release [the] petitioner from such custody"); *Meyers v. Williams*, No. 10-CV-620, 2011 WL 721647, at *2 (E.D.N.Y. Feb. 22, 2011) ("As [the petitioner] is no longer involuntarily confined relative to his claims in the instant petition[], the case is dismissed as moot."); *Hunter v. Gipson*, 534 F. Supp. 2d 395, 398–99 (W.D.N.Y. 2008) (finding that, where a petitioner was released from his involuntary commitment, the petitioner "cannot be confined again for the purpose of evaluating his competency to stand trial on these criminal charges and therefore the claims in the [] petition have been mooted").

### c. Leave to amend

In the event Petitioner seeks monetary relief for the constitutional violations alleged in the petition, an action may be proper under 42 U.S.C. § 1983 against the individual persons who were allegedly responsible for violating Petitioner's constitutional rights. Because petitioner is proceeding *pro* se, the Court grants Petitioner leave to file a second amended petition against the individuals who allegedly violated Petitioner's constitutional rights, and, if Petitioner is seeking damages, Petitioner must request that the Court convert the second amended petition to an action for damages under section 1983. *See Cody v. Henderson*, 936 F.2d 715, 723 (2d Cir. 1991) (remanding "the case to allow [the petitioner] the option of recasting his habeas corpus petition as a suit for damages under 42 U.S.C. § 1983"); *Hammond v. Conway*, No. 07-CV-1042, 2007 WL 3036866, at *2 (E.D.N.Y. Oct. 16, 2007) ("Courts have granted leave to convert habeas petitions into actions for damages under 42 U.S.C. § 1983." (collecting cases)); *see also Ariola v. LaClair*, No. 08-CV-116, 2014 WL 4966748, at *1 (N.D.N.Y. Sept. 30, 2014) (construing a petitioner's request for monetary relief from civil rights violations as a complaint alleging a cause of action under section 1983); *Meyers v. Health & Hosp. Corp.*, No. 13-CV-1258, 2014

5

WL 4160796, at *2 (E.D.N.Y. Mar. 28, 2014) (converting a habeas petition to a section 1983 action because petitioner had requested injunctive relief and damages), *report and recommendation adopted*, 2014 WL 4161975 (E.D.N.Y. Aug. 19, 2014); *Tafari v. Rock*, No. 11-CV-57, 2012 WL 1424725, at *1, *3 (W.D.N.Y. Apr. 24, 2012) (granting a petitioner's motion to convert his petition to a section 1983 action); *Miller v. Reily*, No. 06-CV-6485, 2007 WL 433394, at *1 (E.D.N.Y. Feb. 5, 2007) (noting that a court may convert a "petition to a complaint under [s]ection 1983" if a plaintiff seeks "relief that is not cognizable under habeas corpus").

### III. Conclusion

For the foregoing reasons, the Court dismisses the petition for lack of jurisdiction. The Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. The Court grants Petitioner thirty (30) days from the date of this Memorandum and Order to file a second amended petition and request that the Court construe the second amended petition as an action for damages under section 1983. If Petitioner fails to file a second amended petition and request conversion to a section 1983 claim, the Court will dismiss the petition for the reasons set forth above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: September 1, 2017
      Brooklyn, New York